IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **HANNAH HARTLEY**, on behalf of herself and others similarly situated, | ) ) ) |
| Plaintiff, | ) Case No. 3:23-cv-00226-JZ ) ) JUDGE JACK ZOUHARY ) |
| v. | ) ) **JOINT MOTION FOR APPROVAL** |
| **BIAGGI'S RISTORANTE ITALIANO, LLC,** *et al.*, | ) **OF FLSA COLLECTIVE ACTION** ) **SETTLEMENT** ) |
| Defendants. | ) ) |

Named Plaintiff Hannah Hartley ("Named Plaintiff") and Defendants Biaggi's Ristorante Italiano, LLC and Maxby Hospitality LLC ("Defendants") (collectively, the "Parties") respectfully move this Court for an Order approving their Fair Labor Standards Act ("FLSA") settlement. The settlement was reached by experienced wage and hour counsel as the result of arms-length, good faith negotiations. The following documents are submitted for the Court's approval:

**Exhibit 1**: Collective Action Settlement Agreement and Release (the "Agreement"), along with its Exhibit A (Claim Form), Exhibit B (payment list), and Exhibit C (Notice of Settlement);

**Exhibit 2**: Declaration of Hans A. Nilges; and,

**Exhibit 3**: Proposed Order approving settlement.

1

MEMORANDUM IN SUPPORT

I. **INTRODUCTION**

The Parties ask the Court to approve the attached Agreement, including the content of the Notice of Settlement, and the procedure of disseminating notice and for allowing individuals to join the settlement, as outlined in the Agreement. Settlement was reached as the result of arms-length, good faith negotiations by experienced wage and hour attorneys. (Agreement at ¶2; Nilges Dec. at ¶¶2-7, 9). If approved, Settlement will provide timely and substantial payments to those who participate, and this case will be dismissed with prejudice.

A. **Factual and Procedural Background.**

On February 6, 2023, Named Plaintiff filed the lawsuit *Hartley v. Biaggi's Ristorante Italiano, LLC, et al.*, with Case No. 3:23-cv-00226-JZ ("the Action"). In the Action, Named Plaintiff asserted claims against Defendants, on behalf of herself and others similarly situated under the FLSA and the Ohio Minimum Fair Wage Standards Act, Ohio Rev. Code § 4111, *et seq.*, and Article II § 34a of the Ohio Constitution. Specifically, the Action alleges that Defendants violated the FLSA and Ohio law by paying Named Plaintiff, and others similarly situated to her, at a tip-credit rate for all time worked, including opening and closing duties that had no relation to tip producing work, and for side work, or tip-supporting work, that exceeded 20% or more of the employee's work time, and that violated the DOL's "30-minute rule." (Doc. 1).

To avoid the burden, expense, risks and uncertainty of litigation, the Parties agreed to engage good faith, arm's length settlement discussions. On July 24, 2023, filed a Joint Status Report notifying the Court of the same and asking for a stay. (Doc. 10; Agreement at ¶2).

B. **Summary of the Settlement.**

Settlement includes the **10** Eligible Settlement Participants identified in the data production, consisting of current and former servers employed at Defendants' Biaggi's Ristorante

2

Italiano restaurants in Ohio, Indiana, Nebraska, Iowa, or Wisconsin and who were paid at or below the tipped minimum wage at during the Release Period, but who did not sign arbitration agreements. The Eligible Settlement Participants and their Individual Settlement Payments are identified in Exhibit B of the Agreement. (Agreement at ¶¶13, 15).

The total settlement amount is **$30,000.00**, which includes: (1) all Individual Settlement Payments; (2) Service Awards for Named Plaintiff and Opt-in Plaintiff Carson Rickord; and (3) Plaintiffs' Counsel's attorneys' fees of one-third (1/3) and litigation expenses. Defendants will make all required employer contributions with respect to any portions of the Individual Settlement Payments and the Service Awards treated as wages under Internal Revenue Service Form W-2, and these contributions will be outside of the Global Settlement Fund. (*Id*. at ¶14).

For purposes of this Settlement only, the Parties agree that Named Plaintiff and the Eligible Settlement Participants are similarly situated under 29 U.S.C. § 216(b) of the FLSA. (*Id*.at ¶25). A Notice of Settlement will be sent to the Eligible Settlement Participants, along with a Claim Form to join the Settlement. (*Id*. at ¶¶8, 17, 29-30). Those who join the Settlement will become Claimants and receive settlement payments, and in exchange of which they will release the Released Parties from the Released Claims for the Release Period, as outlined in the Agreement. (*Id*. at ¶¶7, 19-21, 31, 38).

Defendants produced certain time and pay data for the putative collective/class. Plaintiffs' Counsel engaged the services of a PhD data scientist to construct a damages model using the produced data. Defendants also formulated their own damages model. Estimated damages, along with competing theories and argument, were mutually shared and served as a basis of negotiations. (*Id*. at ¶3; Nilges Dec. at ¶10).

After deducting Service Awards, attorneys' fees and litigation costs, the remaining amount will be distributed to Claimants according to their respective *pro rata* share of the Net Settlement Fund as calculated in Plaintiffs' Counsel's damages model during the Release Period. (Agreement at ¶15). The average payment is $1,618.01. (Nilges Dec. at ¶11).

Settlement provides for Service Awards of **$1,500.00** to Named Plaintiff and **$1,500.00** to Opt-in Plaintiff Carson Rickord, which are requested in recognition of, and in consideration for, their substantial assistance rendered to Plaintiffs' Counsel and in pursuing the rights of all Eligible Settlement Members. (Agreement at ¶¶23, 28; Nilges Dec. at ¶12). Both provided substantial time and effort in communicating with Plaintiffs' Counsel during the prosecution of the Action and negotiations. Further, Opt-in Plaintiff Rickord was prepared to be the named plaintiff for an Illinois state law class action claim, if settlement was not reached. (Nilges Dec. at ¶12). Defendants agree these amounts are reasonable and will not contest this application. (Agreement at ¶28).

## II. The Court should grant final FLSA approval.

The Settlement is subject to approval by the Court pursuant to § 216(b) of the FLSA. Court approval is warranted on all scores.

### A. The Seven-Factor Standard is satisfied.

The court presiding over an FLSA action may approve a proposed settlement of the action under the FLSA "after scrutinizing the settlement for fairness." *Landsberg v. Acton Ents., Inc.*, 2008 WL 2468868 at *1 n.1 (S.D.Ohio June 16, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353–55 (11th Cir.1982) (the court should determine whether the settlement is "a fair and reasonable resolution of a bona fide dispute") (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S. Ct. 925, 928 n.8 (1946))).

As a district court in the Sixth Circuit has observed, "[t]he need for the court to ensure that any settlement of [an FLSA] action treats the plaintiffs fairly is similar to the need for a court to

4

determine that any class-action settlement is 'fair, reasonable, and adequate.'" *Crawford v. Lexington-Fayette Urban County Gov't*, No. 06-299-JBC, 2008 U.S. Dist. LEXIS 90070, at *13 (E.D. Ky. Oct. 23, 2008).

Here, Settlement satisfies the seven factors used by the Sixth Circuit when evaluating class/collective action settlements: (1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest. *UAW v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir.2007) (citing *Granada Invs., Inc. v. DWG Corp.*, 962 F.2d 1203, 1205 (6th Cir.1992); *Williams v. Vukovich*, 720 F.2d 909, 922–23 (6th Cir.1983)), *Crawford*, 2008 WL 4724499 at *3.

1. **No indicia of fraud or collusion exists**.

There is no indicia of fraud or collusion, and "[c]ourts presume the absence of fraud or collusion unless there is evidence to the contrary." *Bailey v. Black Tie Mgmt. Co. LLC*, No. 2:19-cv-1677, 2020 U.S. Dist. LEXIS 144274, at *6 (S.D. Ohio Aug. 12, 2020) (quoting *IUE-CWA v. Gen. Motors Corp.*, 238 F.R.D. 583, 598 (E.D. Mich. 2006)).

Here, Defendants deny all liability and the Agreement was achieved only after arms-length and good faith negotiations between experienced counsel. (Agreement at ¶¶2, 24; Nilges Dec. at ¶¶2-7, 9). As such, there is no indicia of fraud or collusion, and this factor favors approval of the settlement.

2. **The complexity, expense, and likely duration of continued litigation favor approval**.

The policy favoring the settlement of collective actions and other complex cases applies with particular force here. Employment cases in general, and wage-and-hour cases in particular,

are expensive and time-consuming. *Wright v. Premier Courier, Inc.*, No. 2:16-cv-420, 2018 U.S. Dist. LEXIS 140019, at *8 (S.D. Ohio Aug. 17, 2018) ("[m]ost class actions are inherently complex and settlement avoids the costs, delays, and multitude of other problems associated with them") (citations omitted).

If this case had not settled, the Parties would be required to engage in costly litigation and discovery, such as written discovery and depositions. Settlement, on the other hand, provides substantial relief to the Eligible Settlement Participants promptly and efficiently, and amplifies the benefits of that relief through the economies of class resolution. (Nilges Dec. at ¶13).

    **3.  Investigation was sufficient to allow the parties to act intelligently**.

The Parties engaged in substantial investigation and analysis before and while negotiating the Settlement. Specifically, Defendants produced certain time and pay data for the putative collective/class. Plaintiffs' Counsel engaged the services of a PhD data scientist to construct a damages model using the produced data. Defendants also formulated their own damages model. The resulting damages, theories, and arguments were mutually shared and served as a basis of negotiations. (Agreement at ¶3; Nilges Dec. at ¶10). Both sides are represented by competent and skilled wage and hour attorneys. (Nilges Dec. at ¶2-7). During negotiations, Counsel argued as to each other Party's respective positions, and disputes remain. (Agreement at ¶¶2, 5, 24; Nilges Dec. at ¶14). Accordingly, this factor supports settlement approval.

    **4.  The risks of litigation favor approval**.

Settlement represents a compromise of disputed claims. Specifically, the Action alleges that Defendants violated the FLSA and Ohio law by paying Named Plaintiff and others similarly situated at a tip-credit rate for all time worked, including opening and closing duties that had no relation to tip producing work, and for side work, or tip-supporting work, that exceeded 20% or more of the employee's work time and that violated the DOL's "30-minute rule." (Doc. 1). On the

6

other hand, Defendants dispute the asserted claims and raised a number of defenses during negotiations. (Agreement at ¶24). Though the matter settled, the Parties continue to disagree about the claims and defenses, including such as whether any wages are owed, whether liquidated damages are recoverable, and the applicability of the 80/20, or dual jobs, rule and the DOL's "30-minute rule." Additionally, there is the risk that Named Plaintiff could lose or obtain a smaller monetary remedy. (Agreement at ¶5; Nilges Dec. at ¶¶13-14).

### 5. The opinion of Plaintiffs' Counsel favors approval.

"The recommendation of Plaintiffs' Counsel, skilled in class actions and corporate matters, that the Court should approve the Settlement is entitled to deference." *Granada Invs., Inc. v. DWG Corp.*, 823 F. Supp. 448, 453 (N.D. Ohio 1993); and *Wright v. Premier Courier, Inc.*, No. 2:16-cv-420, 2018 U.S. Dist. LEXIS 140019, at *11 (S.D. Ohio Aug. 17, 2018) (citing *Williams v. Vukovich*, 720 F.2d 909, 922-23 (6th Cir. 1983)).

Here, Plaintiffs' Counsel is highly experienced in wage-and-hour collective and class actions. At all times, they have acted in good faith and vigorously advocated in the best interests of the Named Plaintiff and the other Eligible Settlement Participants. Additionally, Plaintiffs' Counsel conducted a thorough assessment of the claims and defenses, and settlement is fair, adequate, and reasonable. (Nilges Dec. at ¶¶2-7, 9). Accordingly, this factor favors approval of the settlement.

### 6. The reaction of absent collective members.

Settlement provides clear and easy to understand notice of the settlement and provides for 30-days by which Eligible Settlement Participants can join. Additionally, unlike Rule 23, participants must affirmatively join, and all claim forms will be filed with the Court. (Agreement at ¶32). Additionally, the Parties have agreed that the Court retain jurisdiction over performance

of the Settlement. Further, eight of 10 total Eligible Settlement Participants have already joined the case, leaving only two absent collective members. (*Id*. at ¶¶10, 13, 17, 47; Ex. C to Agreement).

       **7.**       **The public interest**.

"Public policy generally favors settlement of class action lawsuits." *Wright*, 2018 U.S. Dist. LEXIS 140019, at \*13 and *Barnes v. Winking Lizard, Inc.*, No. 1:18CV952, 2019 U.S. Dist. LEXIS 65657, at \*11 (N.D. Ohio Mar. 26, 2019) (quoting *Hainey v. Parrott*, 617 F. Supp. 2d 668, 679 (S.D.Ohio 2007)). Like in *Wright*, "the settlement confers immediate benefits on the Settlement collective, avoids the risks and expense in further litigation, and conserves judicial resources." *Id*. Therefore, just as in *Wright*, the Court should find that this factor supports approval of the Settlement.

       **B.**       **The Settlement distributions are fair, reasonable, and adequate**.

In addition to evaluating the seven factors discussed above, the Court must also "ensure that the distribution of the settlement proceeds is equitable." *See e.g.*, *Dillworth v. Case Farms Processing, Inc.*, No. 5:08-cv-1694, 2010 U.S. Dist. LEXIS 20446, at \*15 (N.D. Ohio Mar. 8, 2010); and *Feiertag v. DDP Holdings, LLC*, No. 14-CV-2643, 2016 U.S. Dist. LEXIS 122297, at \*18 (S.D. Ohio Sep. 9, 2016) (citations omitted).

       **1.**       **The individual payments are reasonable and adequate.**

As mentioned above, as part of negotiations, Defendants produced certain time and pay data for the putative collective/class. A PhD data scientist constructed a damages model using the produced data and Defendants formulated their own, separate model. Counsel discussed the totals and their respective legal and factual positions during negotiations. (Agreement at ¶3; Nigles Dec. at ¶10). Settlement reflects approximately all minimum wages and liquidated damages owed, at an approximate of 40% time spent engaged in tip-supporting work, and the average payment is

8

$1,618.01. Accordingly, and consistent with the opinion of Plaintiffs' Counsel, payments are reasonable and adequate. (Nilges Dec. at ¶11).

### 2. The Service Awards are proper and reasonable.

The Agreement provides for a Service Awards of $1,500.00 to Named Plaintiff and $1,500.00 to Opt-in Plaintiff Carson Rickord, in recognition of, and in consideration for, their substantial assistance rendered to Plaintiffs' Counsel and in pursuing the rights of all Eligible Settlement Members. (Agreement at ¶¶23, 28; Nilges Dec. at ¶12). Courts routinely approve service awards to named plaintiffs in class and collective action litigation, because service awards "are efficacious ways of encouraging members of a class to become class representatives and rewarding individual efforts taken on behalf of the class." *Barnes*, 2019 U.S. Dist. LEXIS 65657, at *18, and *Ganci v. MBF Insp. Servs.*, No. 2:15-cv-2959, 2019 U.S. Dist. LEXIS 207645, at *21 (S.D. Ohio Dec. 3, 2019) (quoting *Hadix v. Johnson*, 322 F.3d 895, 897 (6th Cir. 2003)). Service awards are meant to "compensate named plaintiffs for the services they provided and the risks they incurred during the course of the class action litigation." *Dillworth*, 2010 U.S. Dist. LEXIS 20446, at *7.

Here, both provided substantial time and effort in communicating with Plaintiffs' Counsel during the prosecution of the Action and negotiations. Further, Opt-in Plaintiff Rickord was prepared to be the Named Plaintiff for an Illinois state law class action claim, if settlement was not reached. (Nilges Dec. at ¶12). Defendants agree these amounts are reasonable and will not contest this application. (Agreement at ¶28).

### 3. The attorneys' fees to Plaintiffs' Counsel are proper and reasonable.

After the Court has confirmed that the terms of settlement are fair to the Plaintiffs, it may review the Agreement as to the provision of fees and costs to Plaintiffs' Counsel. The FLSA provides that a Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow

a reasonable attorney's fee to be paid by the defendant, and the costs of the action." 29 U.S.C. §216(b).

In *Fegley v. Higgins*, the Sixth Circuit held that the FLSA's mandatory attorney fee provision "insure[s] effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances," and thus "encourage[s] the vindication of congressionally identified policies and rights." *Fegley v. Higgins*, 19 F.3d 1126, 1134 (6th Cir.1994), *cert. denied*, 513 U.S. 875 (1994) (quoting *United Slate, Tile & Composition Roofers, Damp and Waterproof Workers Ass'n, Local 307 v. G&M Roofing & Sheet Metal Co.*, 732 F.2d 495, 502 (6th Cir.1984)).

The Agreement provides a payment of attorneys' fees to Plaintiffs' Counsel in the amount of one-third (1/3) of the total settlement amount. "The Sixth Circuit has approved a court's use of the percentage-of-the-fund method to determine a reasonable attorney's fee from a common fund settlement." *Satterly v. Airstream, Inc.*, S.D. Ohio No. 3:19-cv-32, 2020 U.S. Dist. LEXIS 210868, at *28 (Sep. 25, 2020) (citing *Rawlings v. Prudential Bache Prop., Inc.*, 9 F.3d 513, 515-16 (6th Cir. 1993)). Indeed, the "percentage of the fund has been the preferred method for common fund cases, where there is a single pool of money and each class member is entitled to a share...." *Lonardo v. Travelers Indem. Co.*, 706 F. Supp. 2d 766, 789 (N.D. Ohio 2010). "In FLSA collective actions in Ohio, courts have almost uniformly awarded attorney's fees that constituted one-third of the fund." *Carr v. Bob Evans Farms*, N.D. Ohio No. 1:17-CV-1875, 2018 U.S. Dist. LEXIS 228221, at *10-11 (July 27, 2018); *see also, Osman v. Grube, Inc.*, N.D. Ohio No. 3:16-cv-00802, 2018 U.S. Dist. LEXIS 78222, at *6 (May 4, 2018) ("One-third of the common fund is a reasonable attorneys' fee award and has been approved in similar FLSA collective actions in this judicial district.") (Internal citation omitted).

This conclusion was reiterated in *Harsh v. Kalida Mfg.*, N.D. Ohio No. 3:18-cv-2239, 2021 U.S. Dist. LEXIS 175869, at *20 (Sep. 13, 2021). In *Harsh*, the Court held that while a Court can utilize either the percentage-of-the-fund or the Lodestar approach to determine whether an award of attorneys' fees is reasonable, the percentage-of-the-fund approach is more appropriate in class and collective actions, as it "rewards counsel for success and penalizes it for failure." *Id.* at *19-20. The Court further noted that the Lodestar method was more appropriate in wage and hour cases that "involve relatively small claims and therefore small amounts of damages in question," because "counsel for employees will inevitably be required to expend substantial resources and time, sometimes accruing fees several times greater than the value of damages in the case." *Id.* at *20. In contrast, in cases involving a common settlement fund the Court found that it "sees no compelling reason, let alone any reason, to deviate from" a request for one-third of the fund. *Id.*

Further, Plaintiffs' Counsel accepted this case on a contingent fee basis and advanced all litigation costs. They not only invested time, but also paid significant expenses up front, including the filing fee, service, and processing of produced data and creation of damages model. They will not be paid for any time during effectuation of the settlement. (Nilges Dec. at ¶15). "In doing so, Class Counsel assumed a real risk in taking on this case, preparing to invest time, effort, and money over a period of years with no guarantee of recovery. This factor weighs in favor of approving the requested fee award." *Ganci v. MBF Insp. Servs.*, S.D. Ohio No. 2:15-cv-2959, 2019 U.S. Dist. LEXIS 207645, at *19 (Dec. 3, 2019); *see also, Barnes*, 2019 U.S. Dist. LEXIS 65657, at *15 ("Class Counsel provided representation on a purely contingency fee basis, advancing all litigation costs and receiving no payment unless [and] until there was a recovery, and should be compensated for that risk").

11

Courts in this district acknowledge that "[w]age-and-hour collective and class actions are, by their very nature, complicated and time-consuming." *Barnes*, 2019 U.S. Dist. LEXIS 65657, at *16. Given the inherent complexity of a wage and hour collective action and the disputed issues of fact and law in this case, an award of one-third of the settlement fund appropriately compensates Plaintiffs' Counsel for their prosecution of this case and advances the public's interests in rewarding attorneys who bring wage and hour cases. *See, e.g., Gentrup v. Renovo Servs., LLC*, S.D. Ohio No. 1:07CV430, 2011 U.S. Dist. LEXIS 67887, at *14 (June 24, 2011) ("society has a stake in rewarding the efforts of the attorneys who bring wage and hour cases, as these are frequently complex matters."). An award of one-third (1/3) of the settlement fund is reasonable and still advances the public's interests in rewarding attorneys who bring wage and hour cases. *See, e.g., In re Sulzer Hip Prosthesis & Knee Prosthesis Liab. Litig.*, 268 F. Supp. 2d at 930; and *Gentrup v. Renovo Servs., LLC*, No. 1:07CV430, 2011 U.S. Dist. LEXIS 67887, at *14 (S.D. Ohio June 24, 2011) ("society has a stake in rewarding the efforts of the attorneys who bring wage and hour cases, as these are frequently complex matters.").

Defendants agree this request is reasonable and do not oppose the award of fees. (Agreement at ¶27). Accordingly, the Court should approve the requested attorneys' fees.

### 4. The Court should authorize reimbursement of costs.

Plaintiffs' Counsel should also be reimbursed their litigation expenses, which are $819.89. (Nilges Dec. at ¶16). "Under the common fund doctrine, Class Counsel is entitled to reimbursement of all reasonable out-of-pocket expenses and costs incurred in the prosecution of claims and in obtaining settlement." *Brandenburg*, 2019 U.S. Dist. LEXIS 204371 at *20. In fact, "[e]xpense awards are customary when litigants have created a common settlement fund for the benefit of a class." *Id*.

Expenses include filing fee, service of process, postage, and analysis of the data production and creation of the damages model. (Nilges Dec. at ¶16). Because Plaintiffs' Counsel's litigation expenses were incurred in the prosecution of the claims in this case and in obtaining settlement, the Court should award reimbursement of these expenses to Plaintiffs' Counsel. Defendants agree this request is reasonable and does not oppose the reimbursement of costs. (Agreement at ¶27).

### III. CONCLUSION.

The Parties submit that this settlement is a fair and reasonable resolution of the disputed issues, which is consistent with the goal of securing the just, speedy, and inexpensive determination of every action. Accordingly, the Parties request that this Court: (1) enter the proposed Order Granting Joint Motion for Approval of Collective Action Settlement and Dismissal with Prejudice; (2) approve Plaintiffs' Counsel's request for attorney fees and expenses; (3) approve the requested service payments; and (4) retain jurisdiction to enforce the settlement, if necessary.

Respectfully submitted,

| | |
|---|---|
| **NILGES DRAHER LLC** | **JACKSON LEWIS P.C.** |
| */s/ Hans A. Nilges* | */s/Eric R. Magnus (with permission)* |
| Hans A. Nilges (0076017) | Richard L. Hilbrich (0092143) |
| 7034 Braucher St NW, Suite B | 6100 Oak Tree Boulevard |
| North Canton, OH 44720 | Cleveland, OH 44131 |
| Telephone: (330) 470-4428 | Tel. (216) 750-0404 |
| Facsimile: (330) 754-1430 | Fax (216) 750-0826 |
| Email: hans@ohlaborlaw.com | Richard.hilbrich@jacksonlewis.com |
| | |
| Robi J. Baishnab (0086195) | Eric R. Magnus |
| 1360 E. 9th St, Suite 808 | 171 17th Street, NW, Suite 1200 |
| Cleveland, OH 441214 | Atlanta, GA 30363 |
| Telephone: (216) 230-2955 | Tel.: (404) 586-1820 |
| Facsimile: (330) 754-1430 | Fax: (404) 525-1173 |
| Email: rbaishnab@ohlaborlaw.com | Email: eric.magnus@jacksonlewis.com |
| | |
| *Counsel for Plaintiffs* | *Counsel for Defendants* |

13

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was filed for service via the Court's CM/ECF system on this October 5, 2023. Parties may access this filing through the Court's system.

*/s/ Hans A. Nilges*
*Counsel for Plaintiffs*
