**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| **HANNAH HARTLEY**, on behalf of herself and others similarly situated, | ) ) ) Case No. 3:23 CV 226 |
| Plaintiff, | ) ) ORDER APPROVING FLSA |
| v. | ) COLLECTIVE ACTION SETTLEMENT ) |
| **BIAGGI'S RISTORANTE ITALIANO, LLC,** *et al.*, | ) ) JUDGE JACK ZOUHARY |
| Defendants. | ) ) ) |

Named Plaintiff Hannah Hartley ("Named Plaintiff") and Defendants Biaggi's Ristorante Italiano, LLC and Maxby Hospitality LLC ("Defendants") (collectively, the "Parties") have moved this Court to approve settlement of claims brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), and the Ohio Minimum Fair Wage Standards Act, Ohio Rev. Code § 4111, *et seq.*, and Article II § 34a of the Ohio Constitution, to approve the requested Service Awards (as defined and outlined in the Collective Action Settlement Agreement and Release (the "Agreement"), a copy of which was attached as Exhibit 1 to the Parties' Joint Motion for Approval of FLSA Collective Action Settlement, and to approve Plaintiffs' Counsel's requested fees and expenses (as defined and outlined in the Agreement).

Having reviewed the Agreement, as well as the Parties' Joint Motion for FLSA Settlement Approval, the Declaration of Hans A. Nilges, and the pleadings and papers on file in this case (the "Action"), and for good cause shown, this Court approves settlement of the FLSA claims as provided in the Agreement as follows:

1.      Unless otherwise defined, all terms used in this Order have the same meaning as defined in the Agreement.

2.      On February 6, 2023, Named Plaintiff filed Action, in which Named Plaintiff asserted claims against Defendants, on behalf of herself and others similarly situated under the

FLSA and the Ohio Minimum Fair Wage Standards Act, Ohio Rev. Code § 4111, *et seq*., and Article II § 34a of the Ohio Constitution. Specifically, the Action alleges that Defendants violated the FLSA and Ohio law by paying Named Plaintiff, and others allegedly similarly situated to her, at a tip-credit rate for all time worked, including opening and closing duties that had no relation to tip producing work, and for side work, or tip-supporting work, that exceeded 20% or more of the employee's work time.

3.      On July 24, 2023, the Parties informed this Court that they were discussing possible early resolution.

4.      Defendants deny any liability or wrongdoing of any kind.

5.      The Parties disagreed, and continue to disagree, as to, among other things, whether any wages are owed, whether liquidated damages are recoverable, and the applicability of the 80/20, or dual jobs, rule, as well as the "30-minute rule" during some or all of the Release Period.

6.      The Agreement provides for collective-wide settlement, notice to Eligible Settlement Participants, and distribution to Claimants as outlined in the Agreement, along with its Exhibits A to C.

7.      Settlement of FLSA claims is subject to approval by this Court.

8.      The Agreement was achieved after arm's-length and good faith negotiations between the Parties and their counsel, who have extensive experience litigating FLSA and various state wage and hour claims.

9.      This Court approves as fair, reasonable, and adequate settlement of the claims made pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), and settlement of claims brought under Ohio law as outlined in the Agreement.  For purposes of this Approval Order, this Court further incorporates by reference the terms and definitions as set forth in the Agreement.

10.     This Court approves the content, form, and distribution of the Notice of Settlement and Claim Form to all Eligible Settlement Participants as outlined in the Agreement.

11.     This Court approves the Service Awards for Named Plaintiff and to Opt-in Plaintiff Carson Rickord, in recognition of, and in consideration for, their substantial assistance rendered to Plaintiffs' Counsel and in pursuing the rights of all Eligible Settlement Members, as provided in the Agreement.

12.     This Court approves the payment of Plaintiffs' Counsel's attorneys' fees and expenses as provided in the Agreement. Plaintiffs' Counsel has significant experience litigation wage and hour cases, and fees of one-third (1/3) of common fund are typical for FLSA collective actions in this District.

13.     This Court orders that payments from the Global Settlement Fund, including Service Awards, Plaintiffs' Counsel's attorneys' fees and costs, and distributions to Claimants, be distributed in the manner, and subject to the terms and conditions, set forth in the Agreement.

14.     This Court dismisses, with prejudice, the claims of the Named Plaintiff, individually and on behalf of the Claimants, as provided in the Agreement.

15.     This Court finds there is no just reason for delay and directs the Clerk of the Court to enter this Order Granting Approval of FLSA Settlement immediately.

16.     This Court retains jurisdiction over the Action to enforce the terms of the Agreement.

IT IS SO ORDERED.

                                        s/ *Jack Zouhary*
                                        JACK ZOUHARY
                                        U. S. DISTRICT JUDGE

                                        October 12, 2023